# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **CORTEZ DEON ELIE, # 15059686,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:16-CV-2032-L |
| § | |
| **GEORGE ASHFORD, III and JUDGE** § | |
| **DOMINIQUE COLLINS,** § | |
| § | |
| Defendants. § | |

## **ORDER**

On July 12, 2016, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against his attorney and the presiding state district judge in a state criminal case. The case was referred to Magistrate Judge Irma Castillo Ramirez who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on July 14, 2016, recommending that the court dismiss Plaintiff's claims with prejudice as frivolous, for failure to state a claim upon which relief can granted, and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. §§1915(e)(2) & 1915A(b). The magistrate judge further recommended that this dismissal count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g). No objections to the Report were filed.

After reviewing the pleadings, file, record, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** this action as frivolous, for failure to state a claim upon which relief can granted, and for seeking monetary relief against a defendant who is

immune from such relief, pursuant to 28 U.S.C. §§1915(e)(2) & 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). The court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. 24(a)(5).

**It is so ordered** this 15th day of August, 2016.

_____
Sam A. Lindsay
United States District Judge